GEORGE E. HOEY *vs.* INHABITANTS OF NATICK.

Middlesex.    January 15, 1891. — May 19, 1891.

Present: FIELD, C. J., W. ALLEN, C. ALLEN, HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Defect in Way — Private Cesspool — Notice — Negligence — Law and Fact.*

It cannot be said, as matter of law, that a town would have notice of a defect in a cesspool built within the limits of a public way, if it was in fact defectively built and was put in by others than the town itself.

The fact of the existence of a private cesspool within the limits of a public way is not decisive of negligence on the part of the town.

BILL for personal injuries occasioned to the plaintiff by an alleged defect in South Main Street, a highway in the defendant town.

At the trial in the Superior Court, without a jury, before *Hammond,* J., the evidence tended to show the following facts. In October, 1887, a cesspool was built by an abutter beneath the surface of the sidewalk of the street in question. In excavating for this cesspool the dirt was dug out from under the curb-stone. The structure consisted of a stone wall, laid without mortar or cement and backed up with sand only, and surmounted by a brick wall, which was arched to the opening on the top. On the evening of December 17, 1888, as the plaintiff was walking in the rain along the sidewalk, the earth gave way under him, and he fell into a hole about two feet deep between the curb-stone and the opening to the cesspool, and received the injuries in question. It was admitted that there was no visible defect in the sidewalk, that the place where the defendant fell in was within the limits of the highway, and that the town was bound to keep such highway in repair.

The plaintiff requested the judge to rule as follows:

" 1. That if the structure was put in by strangers, that is, not by the town, and the structure was originally defective, and the injury was caused thereby, then the town would have notice of such defect, and would be liable for the injury.

" 2. That if the structure was not put in by the town, but by a stranger, and the same was in the highway, then it would be a nuisance, and the town would be liable for the injury although there was no defect in the structure, if the injury was wholly caused by the same ; the evidence showing that the cesspool had been there some time."

The judge refused so to rule, and found for the defendant; and the plaintiff alleged exceptions.

The case was argued at the bar in January, 1891, and afterwards, in March following, was submitted on the briefs to all the judges.

*L. H. Wakefield,* for the plaintiff.

*C. Q. Tirrell,* for the defendant.

C. ALLEN, J. The two rulings asked for were properly refused.

1. It was impossible to lay down as a rule of law that the town would have notice of a defect in the structure, if the cesspool was in fact defectively built, and was put in by others than by the town itself. That was a question of fact.

2. The fact of the existence of a private cesspool within the limits of a public way is not decisive of negligence on the part of the town. Many uses may properly be made of land within the limits of a public way, and beneath the surface thereof, which are not inconsistent with the public easement.

*Exceptions overruled.*